Eduardo J. Celaya, AZ BAR NO. 014747
Of Counsel to the Law Offices of Michael Lupolover
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 602-281-4547
Fax: 866-810-6455
Email: celayalaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GEORGIA LOYD; | CASE NO._____ |
| Plaintiff, | |
| vs. | CIVIL COMPLANT |
| THUNDERBIRD COLLECTION SPECIALISTS, INC.; | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

## **PRELIMINARY STATEMENT**

Plaintiff Georgia Loyd sues Thunderbird Collection Specialists, Inc. ("Thunderbird"), under the Fair Debt Collections Practices Act, 15 U.S.C. §1691 et seq. ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. App. § 597a.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) because Defendant regularly conducts business within the District of Arizona, and all events giving rise to the claims herein occurred in the District of Arizona.

## PARTIES

3. Plaintiff Georgia Loyd ("Plaintiff") is a private person residing at 26058 W. Yukon Drive, Buckeye, AZ 85396.

4. Defendant Thunderbird Collection Specialists, Inc., is a debt collector within the meaning of the FDCPA because it uses the mails in a business which regularly collects and attempts to collect debts owed or due to another. Defendant has a principal place of business located at 3200 N. Hayden Rd., Suite 110, Scottsdale, AZ 85251.

## STATEMENT OF FACTS

5. Prior to January 2015, Plaintiff had been paying approximately $5.00 per month towards the balance of a medical debt owed to Biltmore Surgery Center in the amount of $412.00.

6. In January 2015, Plaintiff started receiving phone calls from an individual who identified himself as David Dowd.  Dowd identified himself as an employee of Defendant.

7. Dowd would continuously harass Plaintiff, pressing her to pay off the entire balance. Plaintiff explained to Dowd on several occasions that she could not afford to make a bigger payment or to pay off the balance in a lump sum.

8. Dowd told Plaintiff that her $5.00 payments "where not going to cut it," and threatened to escalate Defendant's collection efforts, including wage garnishment.

9. No judgment exists against Plaintiff for this debt.

10. Defendant is not a law firm or otherwise licensed to practice law.

11. Plaintiff told Dowd that Defendant could not garnish her wages for a medical debt without a court judgment.  Dowd told Plaintiff that this was wrong and Defendant could proceed with garnishment.

12. Plaintiff told Dowd that she could not pay the full balance of the debt, and that Defendant should "do what they must." Dowd continued calling Plaintiff for nearly six months threatening garnishment, and become hostile and abusive when Plaintiff stated that she could not pay the full balance of the debt.

13. On or about April 16, 2015, Defendant served Plaintiff with a debt collections letter. The letter stated in bold type; "YOU HAVE FAILED TO KEEP YOUR AGREEMENT - YOUR PAYMENT OF $412.00 WAS DUE 04/15/2015."

14. The letter continued, stating "According to our records, neither payment nor valid reason for non-payment has been received.  We ask that you send the amount in today's mail. Do not delay.  Your immediate attention to this matter is necessary."

15. The debt collections letter did not notify Plaintiff of her right to dispute the debt or request verification of the debt.

16. Sometime thereafter, in response to the constant harassment from Dowd and Defendant, Plaintiff stated that she would attempt to pay the balance of the debt.

17. Dowd insisted that Plaintiff pay off the debt over the phone.  Plaintiff stated that she was worried that paying the debt by phone would not clear the debt from her credit history, and would not provide her with documentation of the transaction.  Dowd insisted that by making a payment over the phone, Dowd could "make it disappear and look like it never happened."

18. Plaintiff eventually had her husband, Bradford Loyd, speak with Dowd to arrange a settlement.  Dowd became hostile and abusive with Mr. Loyd, and since that time Plaintiff has not made further arrangements to pay the debt.

## CAUSES OF ACTION:

### COUNT I
### VIOLATION OF THE FDCPA,   15 U.S.C. § 1692e(2)(A)

19. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

20. Defendant falsely represented the status of an alleged debt to Plaintiff, stating that Defendant was required to pay the full balance of the debt.

21. Defendant threatened Plaintiff with judgments and garnishment of wages in order to get her to pay an alleged debt.

22. Upon information and belief, Defendant does not hold a judgment against Plaintiff and never intended to obtain one.

23. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692e(2)(A), and their behavior falls under no applicable exemption of the FDCPA.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5);

24. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

25. Defendant threatened to take legal action against Plaintiff, namely to obtain and execute a garnishment against Plaintiff.

26. Defendant is not a law office, attorney, or professional capable of filing suit and obtaining a judgment against Plaintiff.

27. Defendant threatened Plaintiff with legal action for the purpose of compelling Plaintiff to pay an alleged debt.

28. Upon information and belief, Defendant does not hold a judgment against Plaintiff and never intended to obtain one.

29. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692e(5), and their behavior falls under no applicable exemption of the FDCPA.

## COUNT III
## VIOLATION OF THE FDCPA,  15 U.S.C. § 1692e(10);

30. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

31. Defendant served a debt collections letter upon Plaintiff that was threatening in nature.

32. Said debt collections letter misrepresented to Plaintiff that they had breached an agreement with Defendant.

33. Said debt collections letter misrepresented to Plaintiff that they would be subject to sanction or collections escalation if they did not pay the balance in full.

34. Said debt collections letter did not provide Plaintiff with a meaningful opportunity to contest the validity of the debt pursuant to 15 U.S.C. § 1692g(a).

35. Defendant made false statements regarding Defendant's ability to garnish Defendant's wages.

36. Defendant failed to identify identifying the original creditor for the debt.

37. Defendant deliberately deceived Plaintiff regarding garnishment laws in an attempt to collect an alleged debt.

38. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692e(10);and their behavior falls under no applicable exemption of the FDCPA.

39. of the FDCPA.

## COUNT IV
## VIOLATION OF THE FDCPA,  15 U.S.C. § 1692g(a);

40. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

41. Defendant failed to send Plaintiff a written notice containing 1. the name of the creditor to whom the debt is owed; 2. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 3. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and 4. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692g(a);and their behavior falls under no applicable exemption of the FDCPA.

## COUNT V
## VIOLATION OF THE FDCPA,  15 U.S.C. § 1692d(5);

43. Plaintiff repeats the allegations contained in paragraphs 1 through 18 and incorporates them as if set forth at length herein.

44. Defendant continuously contacted Plaintiff will full knowledge that she was making regular payments against the debt, with the sole intention of pressuring her to pay the debt in full.
45. Defendant continued this pattern of harassment for nearly six months.
46. Defendant was routinely argumentative and abusive with Plaintiff because Plaintiff could not pay off the balance of the debt.
47. Defendant deliberately engaged in this behavior in order to annoy and harass Plaintiff and to force her to pay the balance of the debt.
48. Defendant's actions constitute a willful violation of 15 U.S.C. § 1692d(5);and their behavior falls under no applicable exemption of the FDCPA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Georgia Loyd, by counsel, requests that this Court enter judgment against Defendants and provide the following relief:

a. An order declaring that the Defendants' actions, as described above, violated the FDCPA as set forth herein;

b. A judgment against Defendants for violations of 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692g(a); and 15 U.S.C. § 1692d(5);

c. A judgment against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d.  A judgment against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

e.  That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3), and;

f.  Such other and further relief as this court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 28, 2015                                  Respectfully Submitted,

/s/*Eduardo J. Celaya*
Eduardo J. Celaya
Law Office of Eduardo J. Celaya, PLLC
Biltmore Office Plaza
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
Telephone: 602-281-4547
Fax: 866-810-6455
Email: celayalaw@gmail.com
Attorney for Plaintiff

Of Counsel to the Firm of:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116